```
                                          U.S. DISTRICT COURT
                                       WESTERN DISTRICT OF LOUISIANA
                                                FILED
              UNITED STATES DISTRICT COURT
                                              MAY - 3 1999
              WESTERN DISTRICT OF LOUISIANA
                                           ROBERT H. SHEMWELL, CLERK
                                           BY_____
                                                         DEPUTY
```

JERRY W. ELLIOTT; ERNEST S. CARDY;   *   CIVIL ACTION NO: CV99-0774
THOMAS MCMILLAN; RON ARNOLD;         *
ROYAL R. COAN; BILLIE RICHARDS;      *
GARY A. AVERITT; JOSEPH COVELLO;     *   SECTION_____
WALTER MARTIN; GARY KAUFMAN;         *
BOBBIE MIZELL; THOMAS SMART;         *
JOHN JACKSON; GEORGE MCKENZIE;       *           JUDGE HUNTER
MICHAEL KNOTTS; JAMES STONE;         *   JUDGE_____
DORMAN GIERISCH; JERRY SMART;        *
GLYNN WELCH; GEORGE FERGUSON;        *            MAGISTRATE JUDGE WILSON
DAVID DIEHL; and DAVID NALLEY        *   MAGISTRATE_____
               Plaintiffs            *
                                     *
                                     *
VERSUS                               *
                                     *
                                     *
LOUIS CALDERA, Secretary of the      *
Department of the Army               *
                                     *

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## COMPLAINT

Plaintiffs, majors, and domiciliaries of the State of Louisiana, respectfully file this complaint and allege as follows:

### PRELIMINARY STATEMENT OF THE CASE

1. This is an action pursuant to 5 U.S.C.A. §5596 for backpay due the plaintiffs for the unjustified and unwarranted actions of the defendants which affected the plaintiffs' pay



and reassignments as WG-09 Automotive Workers.

2. The plaintiffs allege that the defendant's unjustified and unwarranted actions in the course of the plaintiffs' reassignments violates 5 U.S.C.A. §5596 and that they are entitled to backpay from 1993 to the present date.

## JURISDICTIONAL STATEMENT AND VENUE

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 and is based upon federal question.

4. Venue lies in the United States District Court, Western District of Louisiana, for these claims pursuant to 28 U.S.C.A. §1391.

## DEFENDANTS

5. Made defendant herein is Louis Caldera, Secretary of the Department of the Army.

## GENERAL ALLEGATIONS

6. The plaintiffs bring forth this action for backpay pursuant to 42 U.S.C.A. §5596 as a result of the defendant's unjustified and unwarranted actions in reassigning the plaintiffs

as WG-09 Automotive Workers while the plaintiffs were performing the same work as WG-10 Journeyman Mechanics.

7. In April, 1993, the Joint Readiness Training Center at Fort Polk opened the Preposition Equipment Motor Pool and filled both Journeyman Mechanic (WG-10) and Automotive Worker (WG-08) positions. For several months thereafter, WG-08 workers were teamed with WG-10 workers to perform their job duties. The WG-08 workers were told that as they gained experience and WG-10 slots became available, the WG-08 workers would be promoted.

8. In May, 1993, the Joint Readiness Training Center at Fort Polk opened the Operations Group Motor Pool and again filled the same positions. Due to a shortage in Operations Group positions, workers were transferred from the Preposition Equipment Motor Pool to fill slots for the Operations Group. Due to this shortage in workers, the WG-08 workers were no longer teamed with WG-10 workers. Everyone began working as individual mechanics regardless of job status.

9. The WG-08 mechanics brought up the issue of pay to management on numerous occasions and were told that individual mechanics must make all repairs regardless of the complexity of the job and that there would be future promotions to WG-10. During several meetings with management, the plaintiffs were told to "just do the work" or "be glad you have a job."

10. After disputing with management at Fort Polk for approximately three years over the differences in pay between WG-10 and WG-08 positions, the plaintiffs filed a grievance on March 18, 1996, with Robert Love, their local union president.

11. In approximately August, 1996, an audit was performed by a job personnel specialist working for the Fort Polk Civilian Personnel Office to determine what type of work was being performed in the Preposition Equipment Motor Pool and the Operations Group Motor Pool. After interviewing all WG-10 and WG-08 employees, the defendants decided that all employees would be WG-09 workers. Subsequently in October 1996, all WG-08 workers were promoted to WG-09 and all WG-10 workers were demoted to WG-09. However, after hiring an attorney, all WG-10 workers were restored to their original positions. All WG-08 workers remained at WG-09 status.

12. On May 5, 1998, a meeting took place between Mr. Love and the former WG-08 workers concerning backpay. The employees were told that a settlement had been reached between the union and Fort Polk and would soon become finalized. In the settlement agreement, the defendants agreed to pay the defendants backpay for the period of March 4, 1996 through the effective date of the settlement which was May 5, 1998. The settlement further stated that each employee would be permanently promoted to WG-10 status as long as there was a continuing need for the

4

performance of such duties. The plaintiffs were not consulted prior to the settlement being finalized.

13. According to Mr. Love and the union attorney, the plaintiffs were supposed to receive lump sum back payments within 60 to 90 days of the May 5, 1998 settlement date. Although some workers received partial payments, none of the former WG-08 workers received lump sum payments in full. Additionally, the plaintiffs were not provided the formula used in computing these payments and were told that the computations would be provided in January, 1999. After this information was received, the plaintiffs were told by the union that the matter was closed.

14. In approximately February, 1999, the plaintiffs again filed grievances with the union concerning the lump sum back payments which have not yet been received in full. A meeting was conducted on February 8, 1999 between the union and the plaintiffs concerning the backpay issue. However, the plaintiffs have not received any further relief.

## PRAYER FOR RELIEF

WHEREFORE, plaintiffs pray that this Court order the defendants to pay the plaintiffs lump sum backpay for the period of April 1993 through the present date pursuant to 5 U.S.C.A.

§5596 and reasonable attorney fees.

                                  Respectfully submitted,

By: _____
DAN M. SCHEUERMANN
Bar Roll No. 11767
405 St. Ferdinand Street
Baton Rouge, Louisiana 70802
(225) 387-1221
Attorney for Plaintiff

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| JERRY W. ELLIOTT; ERNEST S. CARDY;<br>THOMAS MCMILLAN; RON ARNOLD;<br>ROYAL R. COAN; BILLIE RICHARDS;<br>GARY A. AVERITT; JOSEPH COVELLO;<br>WALTER MARTIN; GARY KAUFMAN;<br>BOBBIE MIZELL; THOMAS SMART;<br>JOHN JACKSON; GEORGE MCKENZIE;<br>MICHAEL KNOTTS; JAMES STONE;<br>DORMAN GIERISCH; JERRY SMART;<br>GLYNN WELCH; GEORGE FERGUSON;<br>DAVID DIEHL; and DAVID NALLEY<br>Plaintiffs<br><br>VERSUS<br><br>LOUIS CALDERA, Secretary of the<br>Department of the Army | CIVIL ACTION NO: 99-0774<br><br>SECTION LC<br><br>JUDGE Hunter<br><br>MAGISTRATE Wilson |

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing was mailed this date, United States Mail, postage prepaid and properly addressed to:

U.S. Army Legal Services Agency
ATTN: DAJA-LT
901 N. Stuart Street
Suite 400
Arlington, Virginia 22203

This 3d day of May, 1999.

DAN M. SCHEUERMANN
Bar Roll No. 11767
405 St. Ferdinand Street
Baton Rouge, Louisiana
(225)387-1221
Attorney for Plaintiffs